Jacob Markowitz, J.
This is a proceeding to invalidate the designation of one Ethel Frank and the substitution of one William Kapelman as candidates for the party positions of State committeewoman and State committeeman respectively from the Ninth Assembly District, Bronx County, as well as the Committee on Vacancies set forth on the original Murray and Frank petitions.
The original designee on the petition in which William Kapelman was substituted was John F. Murray. The Board of Elections in the City of New York found the designating petitions to be valid. Petitioners claim that the designations on said petitions are invalid in that Murray, Frank and the Committee on Vacancies are not properly enrolled as members of the Democratic party, because they did not sign their enrollment blanks.
It is not denied that John F. Murray, Ethel Frank and the Committee on Vacancies were duly registered and that after receiving from the Inspectors of Election a numbered enrollment blank, each of them respectively duly marked such enrollment blank with an X mark within a circle underneath the party of their election, to writ, the Democratic party, and otherwise complied with the requirements of law. However, petitioners contend that the persons challenged failed to sign their names in the space provided after the word “ I ” in the enrollee’s declaration in the statutory form of the enrollment blank in which a voter, if he so desires, designates a party preference (Election Law, § 174).
Section 369 of the Election Law, which deals with enrollment under permanent personal registration [similar to section 173 of the Election Law, where permanent personal registration is not existent] reads as follows: “ § 369. Enrollment. 1. After a voter shall have been registered, the board registering him shall forthwith deliver to him an enrollment blank which shall have filled in upon it his name, the particulars required in the other spaces on the blank, and an enrollment number, beginning with number one for the first voter enrolled and so on in numerical order, and the inspectors shall enter such number in the appropriate space on the back of his registration poll record. Such board shall also mark conspicuously at the top of such blank the registration serial number of the voter. * * *
The voter then shall enter a voting booth and may mark and deposit such enrollment blank in the manner provided in section *354 one hundred seventy-three. If a voter declines to enroll, he may return the blank unmarked and the board shall enter in the space reserved on his registration poll record for the name of a political party, the word c no,’ ”
Section 174 of the Election Law sets forth the form of the enrollment blank which reads:
“ Primary enrollment for the year........ (city or village or town) of......................county of................ assembly district (or ward or town) ............ election district. Enrollment No.......Name of voter..............
“I, ............................ do solemnly declare that I am a qualified voter of the, election district in which I have been registered, and that my resident address is.............. ............................. (the resident address of the voter as it appears in. the register, is to be here inserted); that I am in general sympathy with the principals of the party which I have designated by my mark hereunder; and that it is my intention to support generally at the next general election, state or national, the nominees of such party for state or national offices.
.....................party
(insert emblem) (insert emblem)

“ ‘ Make a cross X or a check V mark with a pencil having black lead, or a pen having blue or black ink in the circle under the emblem of the party with which you wish to enroll, for the purpose of participating in its primary elections during the next year. Then fold the blank so as to conceal its face and deposit It in the enrollment box.’ ’* (Emphasis supplied.)
Examination of the statutory form clearly reveals that the voter is sufficiently Identified on the form, to wit: The numbering on the enrollment blank with the identical number in the registration book. In addition, the enrollment blanks submitted in evidence indicate that the name of the particular person who received the enrollment blank was stated on the, form, as well as the person’s address. However, the individuals involved did not sign their names on said enrollment blanks.
*355 The failure to sign or insert one’s name in the space provided in the declaration neither destroys the sense of the declaration nor creates any ambiguity upon said voter’s enrollment intentions. Nowhere in the Election Law is there a requirement that these enrollment blanks be signed (Election Law, §§ 173, 174, 369). The fact that the Inspectors of Election too often, by virtue of stress of work, fail either to insert the name of a registered voter or otherwise complete the enrollment blank is not to be used as a basis for denying a voter his constitutional right to be deemed an enrolled member of a political party. The court would venture to state that the general practice over the years has been to omit filling in many of the blank spaces in question. If the signature of the voter were actually a requirement on the enrollment blank, the vast majority of the voters of this State who believe they are currently enrolled in the political parties of their choice would be ineligible to vote in the primaries.
Petitioners have every right to challenge designating petitions for fatal defects appearing therein. However, to challenge what is actually a prevailing practice, petitioners must show that illegality is involved and that they are not straining to discover technical flaws. Petition is dismissed.